UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETERSON WANYEKI MBURU,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

Case No. C26-4240-MLP

ORDER

Petitioner Peterson Wanyeki Mburu is a citizen of Kenya who entered the United States on a visitor visa in April 2023, applied for asylum a few months later, and received work authorization. (Dkt. # 1, ¶¶ 32-37.) He complied with all requirements for his asylum case and has no criminal history. (*Id.* ¶ 41.)

On October 24, 2026, he was arrested and detained by Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center. (Dkt. # 1, ¶ 43.) He received no notice of, nor opportunity to respond to, any reason for detention. (*Id.* ¶ 44.)

On November 2, 2026, Petitioner filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention as violating his rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution. (Dkt. # 1, ¶¶ 8, 62.) Pursuant to

a short-lived policy, the U.S. Attorney's Office for the Western District of Washington chose not to appear in this action to defend Respondents. *See Singh v. Blanche*, 2026 WL 3374205, at *2-3 (W.D. Wash. Nov. 7, 2026). On November 16, 2026, Petitioner filed a letter requesting immediate release due to Respondents' non-opposition. (Dkt. # 4.) As other courts in this District have done, this Court construes the habeas petition as intentionally unopposed. *See Singh*, 2026 WL 3374205, at *1.

The Fifth Amendment's Due Process Clause forbids the government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 522 (1965)). Due process is "flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025).

All three factors favor Petitioner. He had a strong liberty interest in remaining free, the deprivation of which was entitled to due process. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."); *Ramirez Tesara v.*

*Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025). Regarding the second factor, the record reveals no reason for Petitioner's detention and he received no notice of or opportunity to dispute any such reason. Accordingly, the risk of erroneous deprivation of his liberty is high. Regarding the third factor, Respondents intentionally chose not to oppose this petition and have not identified any governmental interest furthered by Petitioner's detention. Nonetheless, the Court recognizes that the government has legitimate interests in enforcing immigration laws, protecting the community, and ensuring a noncitizen's appearance for immigration proceedings. However, nothing in the record suggests that providing a brief pre-deprivation process would have materially impeded those interests, as custody and bond hearings are routine, and courts have found the incremental burden modest compared to the risk and consequences of erroneous detention. *See*, *e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The Court therefore finds that the third *Mathews* factor also weighs in Petitioner's favor.

In sum, all three *Mathews* factors weigh in Petitioner's favor. Given Petitioner's liberty interest at stake, the high risk of erroneous deprivation, and the identified governmental interests, providing no pre-deprivation process was constitutionally deficient. Habeas relief is therefore warranted, and release is the appropriate and constitutionally required remedy. *See Aucatoma v. Hernandez*, 2026 WL 1265541, at *8 (W.D. Wash. May 8, 2026) (and the cases cited therein).

Accordingly, the Court GRANTS Petitioner's petition for writ of habeas corpus (dkt. # 1).[1] Within **twenty-four (24) hours** of this Order, Respondents must release Petitioner from custody subject to reasonable conditions of supervision not to exceed those previously imposed.

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

As instructed by the U.S. Attorney's Office, the Clerk will direct copies of this Order to ICE and EOIR at the following email addresses: OPLASeattlefedlit@ice.dhs.gov; TacomaLEOs@ice.dhs.gov; OCIJ.Habeas.Orders@usdoj.gov. ICE and EOIR shall respond to the email from the Clerk within **two (2) business days** after Petitioner's release confirming that Petitioner has been released.

Dated this 23rd day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge